IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. '09-CV-00468

LAWRENCE M. JIRON,

    Plaintiff,

v.

STATE OF COLORADO/BILL W. RITTER, JR., et al., individually and in his official capacity as Governor of Colorado,
OFFICE OF THE ATTORNEY GENERAL/JOHN W. SUTHERS, individually and in his official capacity as Attorney General of Colorado,
DEPARTMENT OF CORRECTIONS, ARISTEDES ZAVARAS, individually and in his official capacity as Director of D.O.C.,
WARDEN BRIGHAM SLOAN, individually and in his official capacity as Warden, B.C.C.F., Las Animas, and
OTHERS NOT LISTED – MAY BE ADDED AT A LATER DATE,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 05 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING CLERK TO COMMENCE CIVIL ACTION AND
DISMISSING THE ACTION

---

Plaintiff Lawrence M. Jiron is a prisoner in the custody of the Colorado Department of Corrections at the Bent County Correctional Facility at Las Animas, Colorado. Mr. Jiron has submitted to the Court *pro se* a Prisoner Complaint, a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, and a document titled "Notice of Prejudice and Bias of Zita L. Weinshienk." The clerk of the Court will be directed to commence a civil action. For the reasons stated below, the action will be dismissed.

The Court first will address the document titled "Notice of Prejudice and Bias of Zita L. Weinshienk." Mr. Jiron asks in the "Notice of Prejudice and Bias of Zita L.

Weinshienk" that this action be assigned to a different judge because the Court is prejudiced and biased against him. Mr. Jiron does not provide any factual support for his allegation that the Court is prejudiced and biased against him.

The Court will construe the "Notice of Prejudice and Bias of Zita L. Weinshienk" as a motion to recuse pursuant to 28 U.S.C. §§ 144 and 455. Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse himself or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit to the court a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Although a court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party. *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). The moving party has a substantial burden "to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Pursuant to § 455, a court is not required to accept all factual allegations as true "and the test is whether a reasonable

2

person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass*, 849 F.2d at 1268 (internal quotation marks omitted). The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. See **United States v. Cooley**, 1 F.3d 985, 993 (10th Cir. 1993).

Mr. Jiron's conclusory allegation that the Court is prejudiced and biased against him is not sufficient to demonstrate that disqualification is appropriate pursuant to either § 144 or § 455(a). Therefore, the liberally construed motion to recuse will be denied.

The Court next will address the Prisoner Complaint submitted by Mr. Jiron. Mr. Jiron has been permanently enjoined from filing any *pro se* civil complaints in this Court without first obtaining leave of court to proceed *pro se*. See **Jiron v. County of Alamosa**, No. 95-cv-01075-EWN (D. Colo. Sept. 17, 1998). In order to obtain permission to proceed *pro se*, Mr. Jiron must submit with any complaint he seeks to file a "Petition Pursuant to Court Order Seeking Leave to File a *Pro Se* Action" that includes certain information specified in the sanction order. Mr. Jiron has not filed the necessary petition seeking leave to file a *pro se* action and he has not provided the information specified in the sanction order. Therefore, the Prisoner Complaint will be dismissed because Mr. Jiron has failed to comply with the sanction order. Accordingly, it is

ORDERED that the "Notice of Prejudice and Bias of Zita L. Weinshienk," which the Court has construed liberally as a motion to recuse, is denied. It is

FURTHER ORDERED that the clerk of the Court commence this civil action. It is

3

FURTHER ORDERED that Prisoner Complaint and the action are dismissed without prejudice because Plaintiff has failed to comply with the order enjoining him from filing *pro se* actions. It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 is denied as moot.

DATED at Denver, Colorado, this 4 day of March, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. '09-CV-00468

Lawrence M. Jiron
Prisoner No. 116040
Bent County Correctional Facility
11560 Road FF.75
Las Animas, CO 81054-9573

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/5/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk